# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2811

_____

Denver Foote

*Plaintiff - Appellant*

v.

Brandon Holtan; Adam Herman

*Defendants - Appellees*

John Doe, 1; Clark Allen; Ernesto Escobar Hernandez; Jeffrey George; Kirk
Bagby; Dana Wingert; City of Des Moines, Iowa

*Defendant*s

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: September 17, 2025
Filed: November 12, 2025
[Unpublished]

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Des Moines Police Department Officers Brandon Holtan and Adam Herman arrested Denver Foote while responding to a protest relating to the death of George Floyd. Foote filed suit against the officers for illegal seizure and excessive force in violation of the Fourth Amendment. She additionally brought state-law claims for intentional infliction of emotional distress, malicious prosecution, false arrest, and battery. Prior to trial, the officers requested that the district court[1] prohibit evidence related to Officer Holtan's arrest of another individual two nights after he arrested Foote. The district court excluded the evidence under Federal Rule of Evidence 403. The jury subsequently found in favor of the officers. On appeal, Foote argues that the district court abused its discretion by excluding the evidence of Officer Holtan's arrest of the other individual. We affirm.

I. *Background*

On the evening of May 30, 2020, Officers Holton and Herman worked protests taking place in Des Moines, Iowa, relating to the death of George Floyd. During the protests, civil unrest developed. In preparation, Officer Holtan strapped a shield to his left arm and carried a high-capacity cannister of pepper-spray in his right hand. Officer Herman also had a shield strapped to his left arm and carried a baton in his right hand.

Shortly after 2:30 a.m. on May 31, 2020, law enforcement received reports of vandalism along several blocks of Court Avenue, including a break-in at a Hy-Vee grocery store located at the corner of Fourth Street and Court Avenue. Officers were then deployed to Court Avenue. One team of officers approached from the west on Court Avenue, arriving at Hy-Vee around 2:37 a.m. In response to the officers' arrival, people began scattering in all directions, including north into an alley just

---

[1]The Honorable Stephen B. Jackson, Jr., United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

west of Third Street, where Foote and her two friends fled. At approximately 2:40 a.m., Foote and her friends exited the alley onto Third Street. They then traveled back to Court Avenue.

At around 2:42 a.m., Officers Holtan and Herman's team arrived southbound on Third Street. As the officers walked south on Third Street, Officer Holtan saw Foote coming from the direction of Court Avenue; he then saw her run into an alcove. Officer Holtan's perception was that Foote was hiding from police and fleeing the scene of a riot. Officer Holtan approached Foote in the alcove. He commanded Foote to get on the ground, then deployed pepper-spray in her face. Refusing to comply, Foote attempted to get around Officer Holtan. He blocked her path and used his shield to pin her up against the wall of the alcove to prevent her escape. Foote, however, was able to use her hands to deflect his shield.

Officer Herman witnessed the struggle and went to assist Officer Holtan. Foote's back was against the wall, and she was facing the officers. Officer Herman used his shield in an attempt to gain Foote's compliance with arrest. The struggle continued, and he then used his baton to jab Foote twice in her left shoulder. Foote went to the ground, and Officer Holtan was able to secure her. After her arrest, Foote photographed bruising to her right arm and leg. Foote was charged with rioting, unlawful assembly, and failure to disperse. Ultimately, all charges against Foote were dismissed.

No police body camera footage recorded Foote's arrest. At the time of Foote's arrest, Officer Herman's body-worn camera had a dead battery. And Officer Holtan forgot to turn his camera back on while responding to the unrest on Court Avenue.

Foote filed suit against Officers Holtan and Herman, asserting claims for illegal seizure and excessive force in violation of the Fourth Amendment. She also asserted state-law claims of intentional infliction of emotional distress, malicious prosecution, false arrest, and battery. She sought damages for physical and mental

pain and suffering. She also asserted claims for punitive damages should the jury find the officers liable for compensatory damages.

Prior to trial, the parties each filed motions in limine requesting pretrial determinations on the admissibility of certain evidence. Relevant to the present appeal, the officers requested that the district court prohibit the introduction of evidence of "other allegedly wrongful conduct by [the officers]." R. Doc. 120, at 5 (quoting R. Doc. 103, at 5–10). Specifically, the officers requested that the court "prohibit evidence related to the arrest of [photojournalist] Mark ['Ted'] Nieters by Officer Holtan two nights after his interaction with Foote during either phase of the trial." *Id.* Additionally, the officers sought to "prohibit evidence related to the arrests of Michael Klingenberg and Jayvione Lewis, and the search of Cierra Dunn's vehicle, which [Foote] . . . indicated w[ould] be proffered only as to punitive damages." *Id.* The officers "argue[d] it is inappropriate to use evidence of a defendant's actions in another instance to show the defendant acted in conformity in the incident at issue at trial and such other bad acts evidence is specifically excluded under Federal Rule of Evidence 404(b)(1)." *Id.* at 6 (citation modified). The officers also asserted that Foote failed to satisfy "the requirements for admissibility of the evidence under Rule 404(b)(2)" because "there is no reason to put evidence of Officer Holtan's actions toward others in this trial other than to show actions in conformity with a pattern of unlawful conduct." *Id.* (citation modified). Based on Foote's prior filings, the officers argued that Foote "intend[ed] to use this evidence specifically for the prohibited purpose of showing propensity." *Id.* (citation modified). Foote's brief had stated that

> [e]vidence regarding Herman and Holtan's use of force against and arrests of other protesters is relevant to the issues in this case because it makes it more likely that they wrongfully arrested Foote; used similar, unjustified force against Foote; and then lied to cover up their wrongful actions.

*Id.* (quoting R. Doc. 79, at 4). The officers further argued that admission of such evidence would result in "mini-trials and create delay and confusion warranting

exclusion under Rule 403." *Id.* (citation modified). The officers noted, *inter alia*, that the Nieters trial was "scheduled . . . shortly after conclusion of trial in this case." *Id.* at 7.

Foote responded that "evidence of the other incidents involving Nieters, Klingenberg, Lewis, and Dunn are relevant and admissible under Rule 404(b)(2)." *Id.* In relevant part, Foote argued that Officer "Holtan's actions against Nieters are relevant to proving Holtan's intent and motive and [that] the prejudicial impact of this evidence [did] not exceed its probative effect." *Id.* (citation modified).

The court excluded the evidence. First, the court found that the officers "persuasively established that evidence of the other incidents involving Nieters, Klingenberg, Lewis, and Dunn is not admissible in this particular case under Rule 404(b)(1)." *Id.* Second, it found that Foote failed to prove that such evidence was "permitted under Rule 404(b)(2)." *Id.* Third, "and primarily," the court found that "the probative value of such evidence as to [Foote's] claims in this particular case [was] substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay[,] and wasting time and, therefore, must be excluded under Rule 403." *Id.*

At trial, prior to resting her case, Foote moved for reconsideration of Nieters's testimony in the liability phase. In support, Foote's counsel cited the officers' testimony that "they did not cause [Foote's] bruise." R. Doc. 167, at 204. Counsel noted Foote's contrary testimony "that these bruises were caused by one of the two defendants . . . hitting her." *Id.* Based on the officers' denial, counsel maintained that Nieters's testimony should be admitted "under Rule 404(b)(2), because they're essentially claiming or suggesting that it's somehow an accident or that they didn't do it, and so that makes this other incident with Ted Nieters with [Officer] Holtan extremely probative." *Id.* at 204–05. Counsel argued that "similarities" existed between Foote's case and Nieters's case. *Id.* at 205.

The court denied Foote's motion to reconsider. It concluded that Foote failed to "present[] a sufficient evidentiary record to support this evidence being submitted under Rule of Evidence 404(b)(2) and [did] not submit[] a sufficient evidentiary record to support this evidence being admissible under evidentiary Rule 403." R. Doc. 168, at 2. "In particular," the court found that "the probative value of the evidence as to the claims in this case [was] substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time and must be excluded under Rule 403." *Id.* at 2–3. The court explained:

> The reasons for [the finding] include but are not limited to the fact that the Nieters incident issues are set for a 5-day jury trial to be tried in the future. That would present, as counsel has discussed, a mini trial on these cases. These are hotly disputed issues, and that's different than any of the cases cited in support of allowing this evidence in.
>
> The case here involves two defendants. The Nieters case involves only one of these defendants, so there's also additional unfair prejudice and risk of confusion. The events do not align either between this and the Nieters incident in terms of what might be relevant to this case.
>
> There's been no new valid basis presented to the Court that the Court's not considered in its prior order, and the motion is denied.

*Id.* at 3.

After that ruling, Foote dismissed her state-law tort claims. Her counsel explained that the Nieters evidence had been "very important" to those claims. *Id.* at 4. The case proceeded on the federal constitutional claims of unlawful seizure and excessive force.

The jury returned a verdict in favor of Officers Holtan and Herman in the liability phase obviating consideration of punitive damages.

## II. *Discussion*

On appeal, Foote argues that the district court abused its discretion in excluding the evidence of Officer Holton's arrest of Nieters. According to Foote, the evidence was relevant to the following: Officer Holtan's credibility, claimed motive and justification, intent and lack of mistake, and identity. Additionally, she maintains that the evidence was similar in kind and close in time to her event. She also asserts that she proved the evidence of Nieters's arrest by a preponderance of the evidence. Finally, she contends that the probative value of the evidence exceeds any unfair prejudice.

"We review the district court's evidentiary rulings for an abuse of discretion, giving great deference to the district court's balancing of the probative value and prejudicial impact of the evidence." *United States v. Wright*, 993 F.3d 1054, 1061 (8th Cir. 2021) (citation modified).

Under Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But a court may admit such evidence "for another purpose, such as proving 'motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *United States v. Contreras*, 816 F.3d 502, 511 (8th Cir. 2016) (quoting Fed. R. Evid. 404(b)(2)). "In determining whether a district court abused its discretion, we apply a four-part test." *Id.* Evidence is properly admitted "under Rule 404(b) if (1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." *Id.* (quoting *United States v. Williams*, 796 F.3d 951, 959 (8th Cir. 2015)).

"The fourth requirement derives from Federal Rule of Evidence 403 . . . ." *Id.* Rule 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

-7-

needlessly presenting cumulative evidence." Thus, "[a]dmissibility under Rule 404(b) is contingent upon admissibility under Rule 403." *Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 759 (8th Cir.1995); *see also United States v. Atkins*, 52 F.4th 745, 753 (8th Cir. 2022) (recognizing that "Rule 404(b) evidence is subject to Rule 403"); *United States v. Carr*, 67 F.3d 171, 175 (8th Cir. 1995) ("Although [a party] may present evidence of other acts to prove the motive of a witness under Federal Rule of Evidence 404(b), or to attack the credibility of a witness under Federal Rule of Evidence 608(b), the court has discretion under Federal Rule of Evidence 403 to exclude the evidence."); *King v. Ahrens*, 16 F.3d 265, 269 (8th Cir. 1994) ("The analysis does not end with a determination of relevancy, however. The Rule 403 balancing of probative value versus prejudicial effect is an integral step toward a determination of admissibility under either Rule 404(b) or Rule 608(b).").

Here, the district court found that "the probative value of the evidence as to the claims in this case [was] substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time." R. Doc. 168, at 2–3. "[E]ven if we were to assume . . . that the [Nieters evidence] was relevant and otherwise admissible . . . as other-bad-acts evidence . . . it was not an abuse of discretion for the district court to exclude it anyway under Rule 403." *Trotter v. Lawson*, 997 F.3d 819, 821–22 (8th Cir. 2021). In particular, the Nieters evidence "risked having the jury jump to the conclusion that if [Officer Holtan acted unlawfully toward Nieters], he must have [acted unlawfully against Foote] too." *Id.* at 821 (citing Fed. R. Evid. 404(b)(1)). Furthermore, "[t]he potential prejudice was not just limited to [Officer Holtan]. There was a distinct possibility, given that [Officer Herman was] also on trial, that the jury would hold [Officer Holtan's] bad acts against [Officer Herman] too." *Id.*

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____